**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4039**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TYESHA LASHAY JACKSON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:16-cr-00347-TLW-1)

Submitted: June 30, 2017                     Decided: August 3, 2017

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina; Kenneth A. Blanco, Acting Assistant Attorney General, Trevor N. McFadden, Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyesha Lashay Jackson appeals the 42-month sentence imposed following her guilty plea to aggravated assault, in violation of 18 U.S.C. § 113(a)(6) (2012). On appeal, Jackson argues that her within-Guidelines sentence is unreasonable. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the applicable advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* "[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). However, we review unpreserved procedural sentencing errors for plain error. *Id.* at 576-77. "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *Id.* at 577.

If we find no significant procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). To successfully challenge substantive reasonableness, an appellant must rebut this

2

"presumption . . . by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

First, Jackson argues that the district court procedurally erred by applying a two-level Sentencing Guidelines enhancement because the offense involved a vulnerable victim. U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2016). Because Jackson did not object to this enhancement in the district court, we review this argument for plain error. Jackson contends that the district court erred by applying the enhancement without determining that she targeted the victim because of the victim's vulnerability. As we explained in *United States v. Etoty*, 679 F.3d 292 (4th Cir. 2012), following Sentencing Guidelines Amendment 521, targeting is no longer required to apply the vulnerable victim enhancement. *Id.* at 294. Accordingly, we reject this argument.

Next, Jackson argues that her sentence is procedurally unreasonable because the district court failed to consider her arguments regarding the § 3553(a) factors. The record reveals that the district court acknowledged the arguments that Jackson presented in connection with her variance motion before providing a thorough and individualized explanation for denying the variance motion and sentencing Jackson to 42 months' imprisonment. That the district court did not accord the weight to Jackson's arguments that she desired does not render the court's analysis inadequate.

Finally, Jackson argues that her sentence is substantively unreasonable. Since Jackson's sentence falls within the applicable Guidelines range, it is presumed substantively reasonable. *Louthian*, 756 F.3d at 306. We conclude that Jackson fails to rebut this presumption.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*